that amount allowed by the Commissioners of insolvency on the estate of said deceased — And duly returned into the Probate Court of the County of Wayne & accepted by said Court

The Plaintiff in this case or his Att^{ys} will take notice in this case that the prayer for oyer of the bond not being complied with, the Def^t will move the court, to withdraw the above plea & plead anew at the next term of the Sup. Court                    HUNT & LARNED.

| Peter J Desnoyers | |
| --- | --- |
| *vs* | SUPREME COURT SEPTEMBER TERM A D ONE THOUSAND EIGHT HUNDRED & TWENTY ONE |
| *Stephen Mack & Shubael Conant.* | |

And now the said Stephen & Shubael by Woodbridge & Lanman their attornies come &c when &c & say that they did not undertake & promise in manner & form as the said plaintiff in his said declaration hath alleged & of this they put themselves upon the Country for trial

WOODBRIDGE & LANMAN
Att^s for Defts

and the said plffs in like manner

*To Mess^s Hunt & Larned*

Please take notice that at the trial of the above cause the said defendants will insist upon & give in evidence under the general issue above pleaded, that they said defendants made full & intire payment of all & singular the contents of the within described bill of exchange & of the money thereon & thereby due & made payable, to wit on the day before the commencement of the above mentioned Suit against them.

2  That they the said Stephen & Shubael to wit on on the nineteenth day of August Anno Domini one thousand eight hundred & nineteen tendered & offered to the said plaintiff Peter J. Desnoyers the sum of twenty dollars (money of the United States) that being all the monie at that time due & owing to said Peter in virtue & by reason of the premises, on the day aforesaid & that ever since said nineteenth day of August, the said Money has been ready to be delivered to said Peter

3d  That the said contract in the premises between the said Peter & the said John & James Mahar in said declaration mentioned, was & is, in & by the laws of the State of New York (where the same was to have been performed, as appears in & by said Declaration) usurious, null & void, & that if said defendants, by the indorsement in said declaration supposed to have been made, became liable as guarantees which said Defendants in no wise

admit but utterly deny, that then & in such case the said instrument & said supposed indorsement in no wise subjects or renders liable said Defendants to pay said sum & penalty the whole thereof being void as aforesaid

WOODBRIDGE & LANMAN
Attornies

[In the handwriting of William Woodbridge]

71.                              1821
Supr Court

*John M^cDonell*
*vs*
*John Scott*

filed in the
Clerks Office June
21st 1821
M DORR Clk

WAYNE COUNTY SS:          Application for a writ of certiorari to James
*John M^cDonell*          Abbott, a Justice of the peace for s^d county — in
    *vs*                 a suit tried before and a judgment rendered by,
*John Scott*             him, wherein the s^d M^cDonell was plaintiff and the
                         s^d Scott deft., — on the 13th day of March 1821.

John Scott the above defendant, having been duly Sworn, saith, That this was an action of trespass on the case brought against him by the plff. to recover the amount of certain costs which accrued to the s^d plff. as he alledged on a certain complaint made on behalf of the United States by the said Scott before the said M^cDonell as a justice of the peace on or about the 10th day of August, 1820: That on that complaint the said M^cDonell bound the person against whom the complaint was made to appear at the next Supreme Court of the Territory: That at that term of the sd. court this affiant was not called upon to go before the grand jury on the Subject of said complaint, nor did the said jury return any bill into the said court to shew that